OPINION
On June 10, 1999, appellant, Connie Wolf, was injured while in the employ of Premium Building, Inc. After exhausting her administrative workers compensation remedies, appellant filed a notice of appeal and complaint in the Court of Common Pleas on November 2, 1999. The complaint listed three defendants: appellee, Associated Materials, Inc., Hedstrom Corporation and James Conrad, Administrator, Bureau of Workers Compensation. However, the body of the complaint made no mention of appellee; instead, it contained allegations against Hedstrom, for whom appellant had not worked since 1996.
On November 17, 1999, appellee filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Appellant did not object. By judgment entry filed November 22, 1999, the trial court granted the motion and dismissed appellee as a defendant. Thereafter, realizing appellee was the proper defendant, appellant filed a motion for leave to file an amended complaint on December 16, 1999. By judgment entry filed December 22, 1999, the trial court denied said motion.
On January 6, 2000, appellant filed a Civ.R. 60(B) motion for relief from judgment, again asking the trial court to allow appellee to be reinstated as a defendant. By judgment entry filed January 28, 2000, the trial court denied said motion. On September 21, 2000, the trial court issued a judgment entry dismissing Hedstrom and the entire case.[1]
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S REQUEST FOR RELIEF FROM JUDGMENT UNDER OHIO CIVIL RULE 60(B).
 II THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S REQUEST FOR A RECORD HEARING FOR RELIEF FROM JUDGMENT UNDER OHIO CIVIL RULE 60(B).
 I, II
Appellant claims the trial court erred in denying her Civ.R. 60(B) motion and in not affording her a hearing. We disagree.
Granting of Civ.R. 60(B) relief lies in the trial court's sound discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
A movant for relief from judgment under Civ.R. 60(B) must demonstrate "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Appellant argues she is entitled to relief from judgment because although her attorney made a mistake, she has a meritorious defense which overrides the error.
There are no facts in dispute. With no facts in dispute, we find the trial court did not err in not granting a hearing. Appellant's trial counsel incorrectly authored the original complaint and assented to the trial court's granting of a Civ.R. 12(B)(6) dismissal for failure to state a claim upon which relief could be granted in favor of appellee. Thereafter, counsel realized his error and sought to amend the complaint before final dismissal.[2] The trial court denied the amendment. Appellant sought relief from that judgment. By judgment entry filed January 28, 2000, the trial court denied the relief finding "the importance of finality of judgments overrides any equitable arguments cited by Plaintiff-Appellant."
Civ.R. 60 governs relief from judgment. Subsection (B) states as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
Clearly the only prongs of Civ.R. 60(B) applicable sub judice are (1) and (5). "As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." GTE, supra, at paragraph four of the syllabus.
The only reason advanced by appellant in support of Civ.R. 60(B)(5) is that she has a legal claim granted by statute, R.C. 4123.512, and she has a legal right to have such claim litigated. Although this reason addresses her meritorious defense requirement under GTE, it does not provide a separate reason for granting relief from judgment.
The reason relief is needed is because appellant's attorney erred. Based upon the Supreme Court of Ohio's decision in GTE and the matters pled, we cannot find that the trial court abused its discretion in denying relief.
Assignments of Error I and II are denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed.
Farmer, J. Edwards, P.J., and Wise, J., concur.
[1] This was after remand by this court. An appeal to this court was dismissed due to no final appealable order. See, Wolf v. AssociatedMaterials, Inc. (August 15, 2000), Ashland App. No. 00COA01350, unreported.
[2] Appellee was in fact appellant's employer when the workers compensation case arose.